IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**CORTEZ WOOTEN,**

**Defendant.**  **No. 98-CR-30034-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

      Now before the Court is Wooten's April 18, 2005 request to waive the remaining balance of fine imposed, or hold in abeyance until after release from prison (Doc. 37). On September 4, 1998, the Honorable Paul E. Riley sentenced Wooten to 210 months imprisonment for distribution of cocaine base in violation of **21 U.S.C. 841(a)(1)**, 3 years supervised release, a fine of $1,000 and a special assessment of $200. On April 17, 2001, the undersigned District Judge reduced Wooten's sentence to a term of 141 months imprisonment (Doc. 33). Based on the following, the Court dismisses Wooten's motion for want of jurisdiction.

      Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. The following post-judgment motions are allowed if timely filed. Under **Federal Rule of Criminal Procedure 35**, revision is proper only within 7 days, unless the prosecutor files an appropriate

motion or the court of appeals remands.  Further, a **Rule 33** motion for new trial based in evidence must be brought within 3 years after the verdict and a **Rule 33** motion for new trial based on other grounds must be brought within 7 days after the verdict.  Lastly, a collateral attack under **28 U.S.C. § 2255** which has a 1 year statute of limitations.

Here, Wooten does not cite any case law or statute which allows the Court to consider his motion.  **Rule 35** is inapplicable because this motion is brought over 6 ½ years *after* the sentencing and 4 years *after* the reduction of his sentence and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error.  Likewise, **Rule 33** does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Hawkins could bring this motion is a **§ 2255** collateral attack.  Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255.  ***See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000)**.  After reviewing the pleading, it is not clear to the Court that Wooten intends to purse a collateral attack.[1] Because the Court finds that Wooten's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the

---

[1] In the event that Wooten wishes to file a collateral attack, the Court advises Wooten to consult **28 U.S.C. § 2255**, the **Federal Rules of Criminal Procedure** and the Court's Local Rules on how to properly file such a petition.

motion.

Accordingly, the Court dismisses for want of jurisdiction Wooten's April 18, 2005 request to waive the remaining balance of fine imposed, or hold in abeyance until after release from prison (Doc. 37).

**IT IS SO ORDERED.**

Signed this 25th day of April, 2005.

        /s/    David RHerndon
        **United States District Judge**